# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Julian Rodriguez and Enrique Silva Plata, Individually and On Behalf of Others Similarly Situated, <br> Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-112 |
| Machinestation International, Inc, and MacStat International, LLC, <br> Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Machinestation International, Inc. and MacStat International, LLC ("Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiffs Julian Rodriguez ("Rodriguez") and Enrique Silva Plata ("Plata") (jointly "Plaintiffs") are two of the workers hired by Defendants as an hourly employees and not paid overtime pay and bring this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiffs' and Their Co-Workers' Claims

1. Rodriguez worked for Defendants as a laborer from January 2020 until December of 2022. Rodriguez's duties included, but were not limited to, cleaning and moving machinery.

2. Silva worked for Defendants as a warehouse supervisor from April 12, 2022 until October of 2022. Silva's duties included, but were not limited to, cleaning machinery and supervising other employees who were cleaning machinery.

3. During the time they worked for the Defendants, Plaintiffs regularly worked more than 40 hours per week.

4. Defendants paid Plaintiffs on an hourly basis. Defendants, however, did not pay Plaintiffs an overtime premium for any of the hours they worked over 40 in a workweek. Instead, Plaintiffs were paid the same hourly rate for all the hours that they worked ("straight time").

5. Plaintiffs worked with other individuals who were paid on an hourly basis by Defendants. These individuals also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

**Allegations Regarding FLSA Coverage**

6. Defendant Machinestation International, Inc. ("MI Inc.") is a California Corporation that is covered by and subject to the overtime requirements of the FLSA.

7. During each of the three years prior to this complaint being filed, MI Inc. was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, MI Inc. regularly owned and operated businesses engaged in commerce or in the production of goods for

commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. During each of the three years prior to this complaint being filed, MI Inc. conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, MI Inc.'s employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

11. Defendant MacStat Internationa, LLC ("MI LLC") is a California limited liability company that is covered by and subject to the overtime requirements of the FLSA.

12. During each of the three years prior to this complaint being filed, MI LLC was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

13. During each of the three years prior to this complaint being filed, MI LLC regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

14. During each of the three years prior to this complaint being filed, MI LLC conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

15. During each of the three years prior to this complaint being filed, MI LLC employees used or handled goods, tools, equipment or materials that traveled in interstate

commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiffs' Claims**

16. Defendants were legally required to pay Plaintiffs and other hourly workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

17. Plaintiffs worked over 40 hours in most workweeks that they worked for Defendants.

18. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

19. Defendants did not pay Plaintiffs time-and-a-half for any of the overtime hours that they worked for the Defendants.

20. Defendants MI Inc. and MI LLC are companies in the same line of business and they have common ownership. Defendants share owners, officers, and business assets. Defendants share control of the employment terms and conditions of Plaintiffs and their coworkers. Defendants both benefited from the work that Plaintiffs and their coworkers did when working for MachineStation. Defendants are joint employers of the Plaintiffs.

21. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

**Cause of Action**

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

22. Defendants violated the FLSA by failing to pay Plaintiffs overtime pay for hours worked over 40 per workweek.

23. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

24. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

## Collective Action Allegations

25. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying non-exempt workers on an hourly basis and not paying them overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Similarly Situated Workers.

26. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants Machinstation International Inc. and/or MacStat International LLC, no matter their specific title, who are/were paid on an hourly basis during the three-year period preceding the filing of this Complaint.**

27. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiffs' counsel and allow them to send notice to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

## Defendant, Jurisdiction, and Venue

28. Defendant Machinestation International Inc. is a California corporation and an "employer" of Plaintiffs as defined by the FLSA. This Defendant may be served with process

pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, who will mail the service papers to Defendant's registered agent, Jorge Rivera, 1315 W. Flint St., Lake Elsinore, CA 92530.

29. Defendant MacStat International LLC is a California limited liability company and an "employer" of Plaintiffs as defined by the FLSA. This Defendant may be served with process pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, who will mail the service papers to Defendant's registered agent, Jason Wutzke, 4520 Danito Court, Chino, CA 91710.

30. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Demand for Jury**

31. Plaintiffs demand a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons who are/were employed by and paid on an hourly basis by Defendants Machinestation International Inc. and/or MacStat International LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintif''s and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment

interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS JULIAN RODRIGUEZ AND ENRIQUE PLATAS SILVA**