IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Julian Rodriguez and Enrique Silva Plata, Individually and On Behalf of Others Similarly Situated, <br>   Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-112 |
| Machinestation International, Inc., and MacStat International, LLC, <br>   Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT

Plaintiffs Julian Rodriguez (Rodriguez"), Enrique Platas Silva ("E. Platas"), Wally Garza ("Garza"), Luis Olivo ("Olivo"), and Ramon Platas ("R. Platas") file their motion for default judgment against Defendants Machinestation International, Inc. and MacStat International, LLC ("Defendants"):

## I.
## INTRODUCTION

1. This is a suit to recover unpaid overtime pay and unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiffs served Defendants by service upon the Texas Secretary of State on January 17, 2023.[1] Neither Defendant has filed an answer within the period allowed by law, or by the

---

[1] The executed returns of service for the Defendants are filed with the Court as Documents 11 and 12; the declaration of Josef Buenker is attached as Exhibit 1 outlining the steps taken to serve the Defendants under Texas law. Under Tex.Bus.Orgs.Code 5.251, the Texas Secretary of State is an agent for service for a foreign company that fails to register to do business and/or fails to appoint a registered agent for service.

date of the filing of this Motion. In addition to the service of process pursuant to relevant law, Plaintiff's counsel also sent a letter to Defendants at both their corporate address in California and at their local address in Houston, Texas[2], requesting that the Defendants take some action no later than June 2, 2023. Defendants have not taken any action; Plaintiffs thus seek a default judgment against the Defendants.

## II.
## REQUEST FOR ENTRY OF DEFAULT

3. Plaintiffs respectfully requests that the Court enter Defendant's default as allowed under Fed. R. Civ. P. 55.

## III.
## PLAINTIFFS' DAMAGES

### *Unpaid Wages*

4. Plaintiffs claim overtime compensation as allowed under the FLSA, a statute that establishes a comprehensive federal regulatory scheme providing employees with minimum wage, overtime and child labor protections.

5. In pertinent part, the FLSA requires employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207. Specifically, pursuant to the FLSA, no employer shall employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he or she is employed. 29 U.S.C.

---

[2] See Exhibit 2.

§ 207(a)(1).

6. Plaintiffs are former employees of Defendants Machinestation International, Inc. and MacStat International, LLC, which do business under the assumed or trade name MacineStation. Plaintiffs are filing their declarations setting out the terms and conditions of their employment, the hours they worked and their hourly wages with this motion as Exhibits 3-7.

*Plaintiffs' Information*

**Julian Rodriguez**

7. Julian Rodriguez worked for the Defendants from January of 2020 until December of 2022, for a total of approximately 144 weeks within the 3-year limitations period. Rodriguez Decl. (Exh. 3) at ¶3. Mr. Rodriguez states that his work included cleaning, refurbishing, and moving around the machinery that Machinestation buys and sells, and that he was paid on an hourly basis at a rate of 16.00 per hour. Rodriguez Decl. at ¶4.

8. Rodriguez further declares that when worked for Machinestation, he generally worked from 7 am to 5:30 pm with a 30-minute lunch Monday through Friday and 7 am to 3 pm on Saturday, an average of 58 hours each week. Rodriguez Decl. at ¶4.

9. Defendants paid Mr. Rodriguez $16.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. Rodriguez Decl. at ¶4.

**Enrique Platas Silva**

10. Enrique Platas Silva worked for the Defendants from April of 2022 until November of 2022, for a total of approximately 32 weeks within the 2-year limitations period. E. Platas Decl. (Exh. 4) at ¶3. Mr. Platas states that his work included cleaning and refurbishing the machinery that Machinestation buys and sells, supervising other employees, and dealing

10. with the truck drivers that deliver and picking up machinery, and that he was paid on an hourly basis at a rate of $16.00 per hour. E. Plata Decl. at ¶4.

11. Platas further declares that when worked for Machinestation, he generally worked from 7 am to 5:30 pm with a 30-minute lunch Monday Through Friday and 7 am to 3:30 pm with a 30 minute lunch on Saturdays, an average of 58 hours each week E. Platas Decl. at ¶4.

12. Defendants paid Mr. Platas $16.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. E. Plata Decl. at ¶4.

**Wally Garza**

13. Wally Garza worked for the Defendants from May 11, 2022 until July 15, 2022, for a total of approximately 9 weeks within the 2-year limitations period. Garza Decl. (Exh. 5) at ¶3. Mr. Garza states that his work included following up on leads and demonstrating the machines being sold to customers when they came to the business location, and that he was paid on an hourly basis at a rate of $15.00 per hour. Garza Decl. at ¶4.

14. Garza further declares that when worked for Machinestation, he generally worked approximately 9 hours per day Monday through Friday, and 8 hours on 4 different Saturday. Garza Decl. at ¶4.

15. Defendants paid Mr. Garza $15.00 per hour and never paid him an overtime premium for 5the hours he worked over 40 each week. Garza Decl. at ¶4.

**Luis Olivo**

16. Luis Olivo worked for the Defendants from February 14, 2022 until September 20, 2022, for a total of 31 weeks within the 2-year limitations period. Olivo Decl. (Exh. 6) at ¶3. Mr. Olivo states that his work included cleaning, refurbishing, disassembling and assembling

and moving around the machinery that Machinestation buys and sells, and that he was paid on an hourly basis at a rate of $15.00 per hour. Olivo Decl. at ¶4.

17. Olivo further declares that when worked for Machinestation, he generally worked 9 hours per day Monday Through Friday of each week and an additional 9 hours approximately every other Saturday . Olivo Decl. at ¶4.

18. Defendants paid Mr. Olivo $15.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. Olivo Decl. at ¶4.

**Ramon Platas**

19. Ramon Platas worked for the Defendants from April of 2022 until November of 2022, for a total of approximately 30 weeks within the 2-year limitations period. R. Platas Decl. (Exh. 7) at ¶3. Mr. Platas states that his work included driving a forklift to load and unload machinery from trucks and also cleaning and refurbishing the machines that Machinestation buys and sells, and that he was paid on an hourly basis at a rate of $16.00 per hour. R. Platas Decl. at ¶4.

20. Platas further declares that when worked for Machinestation, he generally worked from 7 am to 5:30 pm with a 30 minute lunch Monday through Saturday an average of 60 hours each week. R. Platas Decl. at ¶4.

21. Defendants paid Mr. Platas $16.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. R. Platas Decl. at ¶4.

22. Hourly workers are owed overtime pay based on a "time-and-a-half" calculation.  For example, an employee who is paid $15 per hour would be entitled to be paid $22.50 for each hour over 40 in a workweek. For each workweek that the employee was paid $15.00 for all hours worked, he would be owed an additional $7.50 in overtime premium for the

hours over 40.

### *Individual Damages Calculations*

#### Julian Rodriguez

23. Mr. Rodriguez says that he worked an average of 58 hours per week, and was paid at a rate of $16 per hour (see Exh. 3). For each week, he is owed (58 – 40 = 18) X $8 = $144.

24. Mr. Rodriguez worked about 144 workweeks within the 3-year limitations period and the Defendants thus owe him 144 X $144 = $20,736.00 in unpaid overtime.

#### Enrique Silva Plata

25. Mr. Enrique Plata says that he worked an average of 58 hours per week and was paid at a rate of $16 per hour (see Exh. 4). For each week, he is owed (58 – 40 = 18) X $8 = $144.

26. Mr. Plata worked about 32 workweeks within the 2-year limitations period and the Defendants thus owe him 23 X $144 = $4,608.00 in unpaid overtime.

#### Wally Garza

27. Mr. Garza says that he worked an average of 45 hours per week except for 4 weeks that he worked 53 hours, and was paid at a rate of $15 per hour (see Exh. 5). For 5 weeks, he is owed (45 – 40 = 5) X $7.50 = $37.50, and for 4 weeks, he is owed (53-40 = 13) X $7.50 = $97.50.

28. Mr. Garza worked about 9 workweeks within the 2-year limitations period and the Defendants owe him (5 X $37.50 = 187.50) + (4 X $97.50 = $390.00) = $577.50 in unpaid overtime.

#### Luis Olivo

29. Mr. Olivo says that he worked an average of 45 hours per week in about half the weeks he worked for Machinstation and about 54 hours per week in the other weeks, and was paid

at a rate of $15 per hour (see Exh. 6). For each shorter week, he is owed (45 – 40 = 5) X $7.50 = $37.50. For each longer week, Defendants owe Mr. Olivo (54 – 40 = 14) X $7.50 = $105.00

30. Mr. Olivo worked about 31 workweeks within the 2-year limitations period and the Defendants thus owe him (16 X $37.50 = $600.00) + (15 X $105.00 = $1,575.00) = $2,175.00 in unpaid overtime.

### Ramon Platas

31. Mr. Platas says that he worked an average of 60 hours per week, and was paid at a rate of $16 per hour (see Exh. 7). For each week, he is owed (60 – 40 = 20) X $8 = $160.

32. Mr. Platas worked about 30 workweeks within the 2-year limitations period and the Defendants thus owe him 30 X $160 = $4,800.00 in unpaid overtime.

### *Liquidated Damages*

33. In addition to their unpaid wages, Plaintiffs seek an additional equal amount of liquidated, or "double" damages as allowed under the FLSA. Plaintiffs are routinely entitled to receive double damages in an amount equal to the unpaid overtime on their FLSA claims.

34. Section 216(b) of the FLSA provides for liquidated damages as follows:

> "Any employer who violates the provisions of this title **shall be liable** to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."

29 U.S.C. § 216(b) (emphasis supplied).

**a) Controlling Law on Liquidated Damages**

35. Liquidated damages are "compensatory, not punitive in nature." *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.), *cert. denied*, 474 U.S. 902 (1985). The FLSA originally made such damages mandatory. *See, Overnight Motor Transportation Co.*

*v. Missel*, 316 U.S. 572, 581 (1942). However, the Portal-to-Portal Act, made doubling discretionary rather than mandatory, by permitting a court to withhold liquidated damages in an action to recover unpaid minimum wages "if the employer shows ... that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." Even so, there is still a "strong presumption in favor of doubling." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (double damages are the norm, single damages the exception).

36. An employer bears a "substantial burden" in proving this defense, which contains what has been described as subjective and objective components.³ *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir. 1987), *vacated on other grounds*, 488 U.S. 806 (1988). A court must award liquidated damages if the employer fails to meet this burden. *Id*. at 1331; *First Citizens Bank*, 758 F.2d at 403. Even if an employer demonstrates that it acted in good faith, a court nonetheless has the discretion to award liquidated damages for a violation of the FLSA. *See, e.g., Peters v. City of Shreveport*, 818 F.2d 1148, 1167 (5th Cir. 1987), *cert. denied*, 485 U.S. 930 (1988).

37. To satisfy the "good faith" prong of a liquidated damages defense, an employer must offer evidence that it had an honest good faith intention to determine the requirements of the FLSA and then follow them. *Beebee v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283, 1925 (1981). Liquidated damages are mandatory absent such a showing. *Id.; Renfro v. City of*

---

² To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 1072. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages.

*Emporia*. See, *Bratt v. County of Los Angeles*, 912 F.2d 1066, 948 F.2d 1529, 1540 (10th Cir. 1991) (district court has no discretion to mitigate liquidated damages in such a case).

38. Even if an employer were to prove subjective "good faith," to avoid paying liquidated damages, the employer must next prove "reasonable grounds" for the acts or omissions which violated the FLSA.

39. Whether Defendants have "reasonable grounds" must be evaluated by an objective test. *Renfro*, 948 F.2d at 1540. It is clear that an employer may not rely upon ignorance as a reasonable ground for believing that its actions did not violate the FLSA. *Brennan v. General Motors Acceptance Corporation,* 482 F.2d 825 (5th Cir. 1973); *Barcellona v. Tiffany English Pub*, 597 F.2d 464, 468-69 (5th Cir. 1979).

40. Because Defendants have chosen not to take any action, Defendants have failed to prove either subjective good faith or objective reasonable grounds. Therefore, Plaintiffs are entitled to an award of liquidated damages.

### *Attorney's Fees*

41. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party. A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the 5th Circuit typically cites prevailing party fee-shifting jurisprudence in FLSA cases. *See, e.g., Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

42. The 5th Circuit uses the lodestar method to calculate an appropriate attorney's fee award under the FLSA. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar method consists of multiplying the number of hours reasonably spent on the case

by an appropriate hourly rate in the community for such work (*See*, *Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993)),

43. Here, attorney Josef F. Buenker represents the Plaintiffs. Mr. Buenker states that he has expended in excess of 25 hours on this case. Mr. Buenker states that his reasonable hourly rate is $50 (See Declaration of Josef Buenker and supporting documentation attached as Exhibit 8). A printout of time spent in relation to this matter is attached to the declaration, and time has been deducted from the actual time spent due to the exercise of billing judgment. Plaintiffs seek $10,500.00 for attorney time spent prosecuting the case.

### *Costs*

44. Plaintiffs also seek $402.00 in taxable costs, which include costs expended to file suit in federal district court ($402.00).

## V.
## PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully ask the Court to enter the Defendant's default as allowed under Fed. R. Civ. P. 55.

Plaintiffs further ask the Court to grant their motion for default judgment and award the following damages:

- $20,736.00 in unpaid wages for Julian Rodriguez;
- $20,736.00 in liquidated damages for Julian Rodriguez;
- $4,608.00 in unpaid wages for Enrique Platas Silva;
- $4,608.00 in liquidated damages for Enrique Platas Silva;
- $577.50 in unpaid wages for Wally Garza;
- $577.50 in liquidated damages for Wally Garza;
- $2,175.00 in unpaid wages for Luis Olivo;

- $2,175.00 in liquidated damages for Luis Olivo;

- $4,800.00 in unpaid wages for Ramon Platas;

- $4,800.00 in liquidated damages for Ramon Platas;

- $10,500.00 for reasonable and necessary attorney's fees; and

- $402.00 for court costs.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

By: */s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
P. O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

No later than June 19, 2023, I will send a copy of this motion and all attachments to the Defendants, Machinestation International, Inc. and MacStat International, LLC, at these addresses, both by certified mail and regular U.S. Mail:

| | |
|---|---|
| Machinestation International, Inc.<br>MacStat International, LLC<br>1315 W. Flint St.<br>Lake Elsinore, CA | Machinestation International, Inc.<br>MacStat International, LLC<br>601 McFarland St., Unit C<br>Houston, Texas 77011 |

*/s/ Josef F. Buenker*
**Josef F. Buenker**