Case 4:23-cv-00112   Document 20   Filed on 11/03/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Julian Rodriguez, et al., § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | Civil Action H-23-112 |
| § | | |
| Machinestation International, Inc. § | | |
| and MacStat International, LLC § | | |
| *Defendants*. § | | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 9. Pending before the court is Plaintiffs' Motion for Default Judgment. ECF No. 16. The court has considered the motion and the applicable law. The court recommends that the motion be **GRANTED**.

### *1. Factual Background*

This case arises from violations of the Fair Labor Standards Act (FLSA). ECF No. 16 at 1. Plaintiffs Julian Rodriguez, Enrique Platas Silva, Wally Garza, Luis Olivo, and Ramon Platas are former employees of Defendants Machinestation International, Inc. and MacStat International, LLC. *Id.* at 2–5; *see also* Rodriguez Decl., ECF No. 16-3; Platas Silva Decl., ECF No. 16-4; Garza Decl., ECF No. 16-5; Olivo Decl., ECF No. 16-6; Ramon Platas Decl., ECF No. 16-7. Plaintiffs allege that they regularly worked more than forty hours per week but that Defendants did not pay them the time-and-a-half overtime premium for any hours worked over forty in a week. *Id.*; Compl., ECF No. 1 at 2, 4. Instead, Plaintiffs were paid their regular hourly rate for all hours worked. ECF No. 1 at 2. Plaintiffs allege that Defendants acted knowingly, willfully, or with reckless disregard for their rights under the FLSA. *Id.* ¶ 21.

Plaintiffs served Defendants with the lawsuit on January 17, 2023, through the Texas Secretary of State. ECF No. 16 ¶ 2; ECF Nos. 11–12 (return of service). Plaintiffs served Defendants with the instant motion on June 22, 2023, through certified and regular mail. *Id.* at 11 (certificate of service); ECF No. 18 at 1; ECF No. 19. Defendants have not filed an answer to the complaint or a response to the motion for default judgment.

## *2. Legal Standards*

Plaintiffs move for default judgment under Federal Rule of Civil Procedure 55. ECF No. 16 at 2, 10. Default judgments are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). The allegations in the complaint, along with any additional evidence presented by the movant, must be sufficient to support the requested judgment. *GuideOne Ins. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. Dec. 7, 2011) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206

(5th Cir. 1975)). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

### 3. Analysis

#### A. Default Judgment is Procedurally Appropriate

Rule 55 directs the clerk to enter a party's default "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[] and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). The docket sheet confirms that Defendants have failed to defend and that entry of Defendants' default is appropriate.

Plaintiffs have shown that Defendants were properly served with the lawsuit. ECF Nos. 11–12; *see also* Buenker Decl., ECF No. 16-1 at 1–2. Defendants were also properly served with the instant motion by certified mail, return receipt requested. ECF No. 18 at 1; ECF No. 19; S.D. Tex. Local R. 5.5 ("Motions for default judgment must be served . . . by certified mail (return receipt requested)."). Defendants are corporations and are thus not minors, incompetent persons, or in military service. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931(b)(1). The docket report shows that Defendants have not filed an answer or taken any action indicating an intent to defend. Therefore, the court concludes that default judgment is procedurally appropriate.

#### B. Plaintiffs Present a Colorable Claim

The FLSA requires employers to pay overtime compensation, at a rate not less than one and one-half times the regular rate, to non-exempt employees for each hour worked beyond forty hours per week. 29 U.S.C. § 207(a)(1). To make a prima facie case for unpaid overtime work, the plaintiff must show: (1) an employment relationship with the defendant; (2) coverage under the FLSA; (3) the employer's violation of the FLSA's overtime compensation requirements; and (4) the amount of

overtime compensation due. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (citation omitted). The FLSA guarantees overtime pay to employees engaged "in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce[.]" *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citation omitted).

An employer that violates the overtime provision is liable for the aggrieved employee's unpaid overtime compensation and liquidated damages in the same amount. 29 U.S.C. § 216(b). A successful plaintiff in an FLSA case is also entitled to reasonable attorney's fees and costs of the action. *Id.*; *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010).

Plaintiffs allege that they were employed by Defendants and that Defendants violated the FLSA by failing to pay them the statutory overtime premium when they worked more than forty hours per week. Compl., ECF No. 1 at 2. Plaintiffs have shown coverage under the FLSA by alleging employment with Defendants, who are engaged in interstate commerce. *Id.* ¶ 7. Plaintiffs have also provided their assessment of their damages, which is supported by their affidavits. *See* ECF Nos. 16-3–16-7. The affidavits state, among other things, each plaintiff's dates of employment, weekly schedule, the average number of hours worked per week, and the regular hourly pay rate. *See id.* Accordingly, Plaintiffs have presented a colorable claim for unpaid overtime compensation. The court next calculates Plaintiffs' damages. *See Shipco Gen.*, 814 F.2d at 1014 ("[W]ell-pleaded factual allegations are taken as true, except regarding damages.").

### C. *Calculation of Damages*

As an initial matter, under the FLSA, it is the employer's burden "to keep proper records of wages, hours, and other conditions and practices of employment," because they are in the

best position to do so. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*, 29 U.S.C. § 254(a); *see also* 29 U.S.C. § 211(c) (codifying the employer's record-keeping duty). "[W]hen employers violate their statutory duty to keep proper records, . . . employees thereby have no way to establish the time spent doing uncompensated work[.]" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016) (citing *Mt. Clemens*, 328 U.S. at 687). When an employer has failed to keep or maintain proper records, the court employs a burden-shifting framework that allows employees without access to accurate timekeeping records to rely on their own testimony to meet their burden of proof. *Mt. Clemens*, 328 U.S. at 687–88. The employer may then come forward with evidence of the precise amount of work performed or with evidence negating the inferences drawn from the employee's evidence. *Id.*

Because Defendants have not participated in this lawsuit, the court will rely on the Plaintiffs' testimony as proof of their wages, hours, and other conditions of employment.

### i. *Individual Damages*

Julian Rodriguez testified to working an average of fifty-eight hours per week for 144 weeks during the three-year limitations period. ECF No. 16-3 at 1; ECF No. 16 at 6. Rodriguez earned $16 per hour. *Id.* Although the complaint alleges that Defendants acted knowingly or intentionally, ECF No. 1 ¶ 21, Rodriguez is the only plaintiff to seek damages under a three-year limitations period rather than the ordinary two-year period. *See* ECF No. 16 at 3–7. The court applies a three-year limitations period only to Rodriguez's claim. Rodriguez worked eighteen overtime hours each week for 144 weeks. His overtime premium was $8 per overtime hour. Rodriguez is owed $20,736. ECF No. 16 ¶¶ 23–24.

Enrique Platas Silva testified to working an average of fifty-eight hours per week for thirty-two weeks during the two-year limitations period. ECF No. 16-4 at 1; ECF No. 16 at 6. Platas Silva earned $16 per hour. *Id.* Platas Silva worked eighteen overtime hours each week for thirty-two weeks. His overtime premium was $8 per overtime hour. Platas Silva is owed $4,608. ECF No. 16 ¶¶ 25–26.

Wally Garza testified to working about nine weeks during the two-year limitations period. ECF No. 16-5 at 1; ECF No. 16 at 6. Garza worked an average of forty-five hours for five weeks and fifty-three hours for four weeks. *Id.* Garza earned $15 per hour. *Id.* Garza worked five overtime hours each week for five weeks and thirteen overtime hours each week for four weeks. His overtime premium was $7.50 per overtime hour. Garza is owed $577.50. ECF No. 16 ¶¶ 27–28.

Luis Olivo testified to working about thirty-one weeks during the two-year limitations period. ECF No. 16-6 at 1; ECF No. 16 at 6–7. Olivo worked an average of forty-five hours per week in about half the weeks and an average of fifty-four hours per week in the other half of the weeks. *Id.* Olivo earned $15 per hour. *Id.* Olivo worked five overtime hours each week for sixteen weeks and fourteen overtime hours each week for fifteen weeks. His overtime premium was $7.50 per overtime hour. Olivo is owed $2,175. ECF No. 16 ¶¶ 29–30.

Ramon Platas testified to working an average of sixty hours per week for thirty weeks during the two-year limitations period. ECF No. 16-7 at 1; ECF No. 16 at 7. Platas earned $16 per hour. *Id.* Platas worked twenty overtime hours each week for thirty weeks. His overtime premium was $8. Platas is owed $4,800. ECF No. 16 ¶¶ 31–32.

The table below summarizes the awards for unpaid overtime wages. The court's damages calculation aligns with Plaintiffs'

6

calculation. *See* ECF No. 16 at 6–7 ("Individual Damages Calculations").

| Plaintiff | Amount Owed |
|---|---|
| Julian Rodriguez | $20,736 |
| Enrique Platas Silva | $4,608 |
| Wally Garza | $577.50 |
| Luis Olivo | $2,175 |
| Ramon Platas | $4,800 |
| **Total:** | **$32,896.50** |

### ii. *Liquidated Damages*

The FLSA allows for an award of liquidated damages equal to the amount of unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," the court may decline "in its sound discretion" to award liquidated damages. 29 U.S.C. § 260. Even if a defendant shows subjective good faith and objective reasonableness for failing to comply with the FLSA, the district court may nevertheless exercise its discretion to award liquidated damages. *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010) (citation omitted).

Defendants have failed to show subjective good faith or objective reasonableness for failing to comply with the FLSA. Liquidated damages will be awarded in the amount of $32,896.50, equal to Plaintiffs' unpaid overtime compensation.

### iii. *Attorney's Fees and Costs*

The FLSA allows for the imposition of attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). The only costs that can be awarded are those listed in 28 U.S.C. § 1920 unless

"explicit statutory or contractual authorization" provides for recovery of others. *Gagnon*, 607 F.3d at 1045 (quoting *Cook Child.'s Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)); *see also Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *12 (N.D. Tex. July 17, 2014) (finding that "costs not specifically listed in Section 1920 are not recoverable by a prevailing FLSA plaintiff even if they are of the sort a lawyer would normally charge to a fee-paying client").

Plaintiffs' counsel's time records show various expenses for court fees and delivery services, but counsel only seeks recovery of the clerk's filing fee of $402. ECF No. 16-8 at 2, 5. Fees of the clerk are recoverable. 28 U.S.C. § 1920(1). The court awards costs of $402 to Plaintiffs.

Determination of a reasonable attorney's fee requires the court to "first calculate[] the 'lodestar' by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate." *Sheffield v. Stewart Builders, Inc.*, Civil Action H-19-1030, 2021 WL 951897, at *2 (S.D. Tex. Mar. 10, 2021).

In the second step, the court considers the *Johnson*[1] factors to determine whether the lodestar should be adjusted. *Sheffield*, 2021 WL 951897, at *2. The party seeking attorneys' fees bears the burden to prove the reasonableness of the hours spent, the hourly rate, and that billing judgment was exercised. *Pathan v. Basit Enters., Inc.*, Civil Action No. H-09-1506, 2011 WL 13244519, at *3 (S.D. Tex. Jan. 18, 2011).

"Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or

---

[1] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (citation omitted). The remedy for omitting evidence of billing judgment "does not include denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id.* (citation omitted).

### a. Reasonable Rates

To determine the reasonable hourly rate, courts must "consider the attorney's regular rates as well as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Pathan*, 2011 WL 13244519, at *4 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Evidence of the reasonableness of the requested rate must include the attorney's own affidavit as well as "information about rates actually billed and paid in similar lawsuits." *Id.*

Plaintiffs' counsel filed a declaration attesting to the reasonableness of the requested hourly rate of $500. ECF No. 16-8 at 1–2. Defendants did not respond to the instant motion. In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. When an attorney's requested hourly rate is unopposed, it is prima facie reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (quoting *Islamic Ctr. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989)). The court accepts Plaintiffs' unopposed hourly rate of $500 as reasonable.

### b. Reasonable Number of Hours

The court must next determine the number of hours reasonably expended on the case. The court must review the time records submitted by counsel and exclude those hours that are excessive, duplicative, or not adequately documented. *Pathan*, 2011 WL 13244519 at *5 (quoting *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

Plaintiffs' counsel's time records show that 21.90 hours were spent on this case. ECF No. 16-8 at 5. Plaintiffs' counsel documented in detail the hours worked on the case, and counsel's declaration states that the attorney's fees incurred exceed $12,500, but that he has reduced them by more than $2,000 as some of the work took longer than he expected. ECF No. 16-8 at 2, 4–5. The time records also show that counsel did not charge a fee for preparing the declaration on attorney's fees. ECF No. 16-8 at 5. After reviewing the records, the court does not find any hours that are duplicative or excessive. The court finds that counsel exercised billing judgment.

The lodestar is therefore $10,950. This amount is the product of counsel's reasonable hourly rate ($500) and the reasonable number of hours expended on the case (21.90).

### c. *Johnson Factors*

The *Johnson* factors, which the court considers in determining whether any adjustment to the lodestar figure is necessary, include: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

The court concludes that none of these factors favors an adjustment in the lodestar amount.

### *4. Conclusion*

For the foregoing reasons, the court recommends that Plaintiffs' Motion for Default Judgment, ECF No. 16, be **GRANTED**.

The court further recommends that Plaintiffs be awarded $10,950 in attorney's fees, $402 as costs, and actual and liquidated damages as follows:

(1) Julian Rodriguez: $20,736 in actual damages and $20,736 in liquidated damages;
(2) Enrique Platas Silva: $4,608 in actual damages and $4,608 in liquidated damages;
(3) Wally Garza: $577.50 in actual damages and $577.50 in liquidated damages;
(4) Luis Olivo: $2,175 in actual damages and $2,175 in liquidated damages; and
(5) Ramon Platas: $4,800 in actual damages and $4,800 in liquidated damages.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 3, 2023.

Peter Bray
United States Magistrate Judge